IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| IVAN THEOPHILUS JOSEPH, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | Case No.: 4:04-CV-1298-RDP-RRA |
| ] | |
| IMMIGRATION AND CUSTOMS ] | |
| ENFORCEMENT, ] | |
| ] | |
| Respondent. ] | |

**MEMORANDUM OPINION**

     This case is before the court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  The petitioner, Ivan Theophilus Joseph, a native of Guyana, was admitted to the United States as a lawful permanent resident on May 5, 1982.  Joseph was convicted on September 16, 1988, in the United States District Court for the District of Columbia, of possession with intent to distribute more than 50 grams of cocaine base, aiding and abetting, use of a firearm in a drug trafficking offense, possessing an unregistered firearm, and unlawful possession of ammunition.  He was sentenced to a total term of imprisonment for 180 months.

     On September 10, 1998, Joseph entered a plea of guilty in the United States District Court for the Northern District of Ohio, to a charge of assault on a federal officer.  He received an eleven-month sentence that was ordered to be served consecutively to his earlier federal sentence.  Joseph also received numerous disciplinary convictions while in federal custody.  He completed service of his federal sentences on April 12, 2002.

On January 9, 1989, the Immigration and Naturalization Service ("INS") served the petitioner with an order to show cause why he should not be deported. On March 5, 2002, an Immigration Judge ordered that Joseph be removed from the United States to Guyana. The Immigration Judge noted that Joseph was ineligible for relief from deportation under § 212(c) of the Immigration and Nationality Act, because he did not plead guilty, but was convicted after a trial, and because he served in excess of five years imprisonment.

When Joseph completed service of his federal sentences on April 12, 2002, the Immigration and Naturalization Service (INS) took custody of him. The Board of Immigration Appeals affirmed the Immigration Judge's deportation decision on July 8, 2002. Joseph's motion to reconsider the decision was denied on March 19, 2003.

While the merits of his deportation case were being considered, Joseph was also challenging the custody determination made in his case. On April 16, 2002, the INS issued a Notice of Custody Determination, indicating that Joseph would be detained by the INS until his removal from the United States. A bond hearing was also held on April 16, 2002. The Immigration Judge did not alter the previous custody determination made by the INS. Joseph appealed the Immigration Judge's decision to hold him in custody pending his removal from the United States. On April 23, 2003, the Immigration Judge issued a decision finding that Joseph was subject to mandatory detention pending his deportation. On August 14, 2002, the Board of Immigration Appeals dismissed Joseph's bond appeal, finding that he was subject to mandatory detention under § 236(c) of the Immigration and Nationality Act.

On April 22, 2002, while his administrative appeals were pending, Joseph filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York,

challenging his mandatory detention pending deportation and the order of removal. The case was transferred to the United States District Court for the Western District of Louisiana, where it was denied and dismissed with prejudice on September 25, 2003. The United States Court of Appeals for the Fifth Circuit affirmed the denial and dismissal of the petition on September 27, 2004. *Joseph v. Ashcroft*, 03-30939 (5th Cir. 2004).

Joseph appealed his deportation order to the United States Court of Appeals for the Second Circuit. The Second Circuit accepted the appeal and stayed the removal action on August 21, 2002. *Joseph v. INS*, 02-4348 (2nd Cir. 2002). He also appealed his bond status and requested release from detention in the Second Circuit in *Joseph v. INS*, 02-4479. These appeals were consolidated and transferred to the Fifth Circuit Court of Appeals, where the case remains pending. *Joseph v. Gonzales*, 05-60329. Joseph filed a petition in this court on June 22, 2004. In his petition, he again challenges his deportation and his detention pending deportation. In response to the court's order to show cause, the respondent has filed an answer in which it asserts that the petition is due to be dismissed because it is successive. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. The petitioner filed a traverse on August 30, 2004.

The petitioner's traverse was followed by numerous other filings including various exhibits, an affidavit in support of his petition, and a "Supplement to Counter-Affidavit." On February 16, 2005, Joseph filed a "Supplementary Motion Requesting Supervision Release," which essentially seeks the same relief as that sought in his habeas petition. That motion is due to be denied.

On June 1, 2005, the respondent filed a motion to transfer the deportation claim to the Fifth Circuit Court of Appeals. On June 8, 2005, the petitioner filed a motion to dismiss the portion of

3

his petition challenging his deportation, "because, a [p]etition [f]or review pending before the Second Circuit has recently been transferred to the Fifth Circuit [and] [t]hat [p]etition raises essentially the same issue as the 'deportability claim' the Government wishes to transfer to the Fifth Circuit." The motion to dismiss the deportation claim is due to be granted.

The only claim remaining in this action is Joseph's challenge of his detention pending his deportation to Guyana. As previously mentioned, Joseph unsuccessfully challenged his detention pending deportation in his April 22, 2002 petition filed in the Eastern District of New York. The case was transferred to the United States District Court for the Western District of Louisiana, where it was denied and dismissed with prejudice on September 25, 2003. The United States Court of Appeals for the Fifth Circuit affirmed the denial and dismissal of the petition on September 27, 2004. *Joseph v. Ashcroft*, 03-30939.

The AEDPA, which became effective on April 24, 1996, amended 28 U.S.C. § 2244 to read in pertinent part as follows:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision is to establish a statutory pre-condition to the filing of a "second or successive" habeas petition, requiring the applicant to obtain the authorization of the appropriate court of appeals **before** it is filed in the district court. The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to consider successive petitions unless and until it has been authorized by the appropriate court of appeals. The new restrictions on successive petitions apply to a successive habeas petition even if the first petition was

denied prior to the effective date of the AEDPA. *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997).

There is no indication in the record that Joseph has obtained authorization from the appropriate appellate court to bring a successive petition before this court. Thus, the petition is due to be dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A).

An appropriate order will be entered.

**DONE** and **ORDERED** this ____10th____ day of June, 2005.

                                                **R. DAVID PROCTOR**
                                                UNITED STATES DISTRICT JUDGE